No. 845

First Circuit

——

HANSFORD v. EVERETT

——

(October 7, 1931. Opinion and Decree.)

——

Ellis, Ellis & Ellis, of Amite, attorneys for plaintiff, appéllant.

M. J. Allen, of Amite, attorney for defendant, appellee.

ELLIOTT, J. E. Hansford alleges that he is the owner of a horse mule, described as being dark brown in color, about 16 hands high, with a white nip on the nose, named Jack; that Mrs. J. W. Everett has possession of the mule and refuses to surrender it to him; alleging fear that she would conceal, part with, or dispose of the mule, caused it to be sequestered pending his suit to compel its surrender to him.

Mrs. Everett for answer denies that plaintiff is the owner of the mule, admits that she refused to surrender the mule to him, and alleges, as her reason for so doing, that the mule belongs to her.

There was judgment in favor of the defendant rejecting plaintiff's demand as in case of non-suit. The plaintiff has appealed.

The plaintiff is a resident of the city of Topeka, state of Kansas. He is, or rather was, a dealer in mules, and owns and operates a farm in the parish of Tangipahoa. Several years ago he shipped to this parish several carloads of mules for sale here. The mule in question was included in the last shipment, but plaintiff testifies that it was not for sale, but for use on his farm in this parish.

J. W. Everett lived on plaintiff's farm in this parish during the time these shipments were made, and assisted him in selling mules. The authority of Everett is a matter of dispute between the parties, but the evidence shows to our satisfaction that the plaintiff, Hansford, who resided in the state of Kansas, employed J. W. Everett, defendant's husband, as his agent with authority to sell mules, but his authority was limited to the extent that, before he could sell a mule, if the price was not paid in cash, notes were to be given in payment and H. S. Weigel, president of the Amite Bank & Trust Company, acting for Hansford, was to pass on and approve the note or notes before the sale could be made.

Of course Everett could not sell a mule that Hansford told him not to sell.

The plaintiff testifies that he did not sell the mule in question to Everett and that he did not authorize Everett to sell it to anybody else; that it was his purpose and intention to keep the mule for service on his farm in the parish of Tangipahoa. We are satisfied that Hansford did not sell the mule to Everett and that it was his intention to keep the mule for use on his farm in this parish; but the evidence shows that J. W. Everett, acting as Hansford's agent and in Hansford's name and behalf, Hansford being at the time absent in the state of Kansas where he lives, sold and delivered the mule in question to James G. Benton.

The evidence shows that Everett sold this mule to Benton for the price and sum of $125. According to the testimony of Benton, which we accept as the ground for our opinion, he paid half of the price in cash at the time of the sale and for the balance of the price, which was $62.50, he gave his promissory note payable to Hansford, which note was deposited in the Amite Bank & Trust Company as the property of Hansford.

After using the mule for a year, Benton entered into an agreement with Everett,

under which the note which he owed as the balance due on the purchase price of the mule was returned to Benton and the mule was returned to Everett. As for the $62.50 paid at the time of the purchase, it should have been and presumably was deposited in the Amite Bank & Trust Company to the credit of Hansford, and, if so, it was transmitted by the bank to Hansford, but the identity of the deposit was not clearly shown.

Benton, in returning the mule and getting back his note, relinquished all claim on account of the payment made in cash at the time of the purchase of the mule, and which in our opinion had been transmitted to Hansford.

Benton lost the note and could not produce it on the trial, but we see no reason for doubting his testimony on the subject.

After getting back the mule in the way stated, J. W. Everett departed this life. Therefore we have not the benefit of his testimony on the subject. He was in possession of the mule at the time of his death; the defendant is his widow in community and has no greater rights nor other rights in and to the mule than her husband had at the time of his death.

We do not regard as showing any title in J. W. Everett the fact that the $62.50 paid in cash was transmitted to Hansford. It belonged to him. Neither do we regard as showing any title in J. W. Everett the fact that, when Benton got back the note, it may have been stamped paid. The important question is: Did Benton sell the mule to J. W. Everett, or did he surrender the mule back to him in the same capacity as he had acted, when selling it to him? The matter is not free of doubt, but, upon the whole, we feel that it is a proper conclusion that Benton became the valid owner of the mule by purchase from Everett, and the question is: Who became the owner in the re-transfer, Everett or Hansford? Defendant sought to show on the trial that, when her husband got back the mule from Benton, he became the owner thereof, but the evidence does not support her contention. The evidence indicates that, in receiving back the mule, Everett acted in the same capacity in which he had acted in selling it. The sale which had been made was rescinded, and in the rescission the note which belonged to Hansford and which had formed half the purchase price was returned to Benton. It is said by Benton to have been marked paid; if so, and such was no doubt the fact, then we cannot see it otherwise than as having been by Benton paid to Hansford by the restoration of the mule, on account of which it had been given. Such a transaction could not, without the consent of Hansford, and whose consent was not obtained, transfer the ownership of the mule to Everett. The result would be to restore it to Hansford, and that is what took place. The mule must therefore be surrendered to Hansford.

The judgment appealed from is in our opinion contrary to the law and the evidence. For these reasons the judgment appealed from is annulled, avoided, and set aside, and it is now decreed that the mule in question belongs to the plaintiff, Hansford. The sequestration issued herein is maintained, and it is ordered that the mule in question be surrendered to E. Hansford as prayed for in his petition, and that he be quieted in his right thereto. It is further ordered that the defendant and appellee pay the cost in both courts.